Joel N. Bock
joel.bock@dentons.com
Andrew M. Grodin
andrew.grodin@dentons.com
Dentons US LLP
101 JFK Parkway
Short Hills, New Jersey 07078
(973) 912-7100

Of Counsel:
Mark L. Hogge (*pro hac vice* pending)
mark.hogge@dentons.com
Shailendra Maheshwari
shailendra.maheshwari@dentons.com
Nicholas H. Jackson (*pro hac vice* pending)
nicholas.jackson@dentons.com
Dentons US LLP
1301 K. Street, NW
Washington, D.C. 20005
(202) 408-6400

Anne K. W. Sutton (*pro hac vice* pending)
anne.sutton@dentons.com
Dentons US LLP
233 South Wacker Drive
Suite 7800
Chicago, IL 60606
Telephone: (312) 876-8000

*Attorneys for Plaintiff Synchronoss Technologies, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SYNCHRONOSS TECHNOLOGIES, INC.<br><br>              Plaintiff,<br><br>v.<br><br>EGNYTE, INC.<br><br>              Defendant. | Civil Action No. _____<br><br>*Document filed electronically*<br><br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

**THE PARTIES**

1. Plaintiff Synchronoss Technologies, Inc. ("Plaintiff" or "Synchronoss") is a company incorporated under the laws of Delaware having a business address at 200 Crossing Blvd., 8th Floor, Bridgewater, New Jersey 08807.

2. Upon information and belief, Defendant Egnyte, Inc. ("Egnyte") is a Delaware Corporation with an address at 1350 W. Middlefield Road, Mountain View, CA 94043.

3. Upon information and belief, Egnyte may be served through its registered agent, Incorporating Services Ltd. 3500 S. DuPont Hwy., Dover, DE 19901.

4. Upon information and belief, Defendant Egnyte maintains an office in New Jersey at 55 Madison Avenue, Suite 400, Morristown, NJ 07960.

**JURISDICTION AND VENUE**

5. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and original jurisdiction under 1338(a).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events giving rise to the patent infringement claims herein have taken place and are still taking place in this judicial district.

7. The Court has personal jurisdiction over Egnyte because Defendant maintains an office within the state and is engaged in substantial and not isolated activities within this state, including providing, using, offering for sale, and selling its infringing Enterprise File Sync and Share (EFSS) service products, including but not limited to its Cloud File Server

and Storage Sync Products, within this state and judicial district. Due to these infringing activities, Synchronoss has suffered injury in this judicial district. Upon information and belief, Defendant also directly solicits, promotes, and provides its infringing products in this state and judicial district through its New Jersey office and active website at www.egnyte.com, from which consumers and businesses can directly access and download the Egnyte products.

## SYNCHRONOSS'S PATENTS

8. On December 30, 2003, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,671,757 (the "'757 Patent"), entitled "Data Transfer and Synchronization System." A true and correct copy of the '757 Patent is attached hereto as Exhibit A. Plaintiff is the owner of the '757 patent by assignment.

9. On June 29, 2004, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,757,696 (the "'696 Patent"), entitled "Management Server for Synchronization System." A true and correct copy of the '696 Patent is attached hereto as Exhibit B. Plaintiff is the owner of the '696 patent by assignment.

10. On September 8, 2009, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,587,446 (the "'446 Patent"), entitled "Acquisition And Synchronization Of Digital Media To A Personal Information Space." A true and correct copy of the '446 patent is attached hereto as Exhibit C. Plaintiff is the owner of the '446 patent by assignment.

## COUNT I — INFRINGEMENT OF THE '757 PATENT

11. Synchronoss restates and incorporates by reference paragraphs 1 through 10 as if fully stated herein.

12.     Defendant has infringed and is still infringing the '757 patent by making, using, offering for sale, or selling its Enterprise File Sync and Share (EFSS) service products, including but not limited to its Cloud File Server and Storage Sync Products, and Defendant will continue to do so unless enjoined by this Court.

13.     As a direct and proximate result of Defendant's direct infringement of the '757 Patent, Synchronoss is suffering damages and irreparable injury for which it has no adequate remedy at law.

## COUNT II — INFRINGEMENT OF THE '696 PATENT

14.     Synchronoss restates and incorporates by reference paragraphs 1 through 13 as if fully stated herein.

15.     Defendant has infringed and is still infringing the '696 patent by making, using, offering for sale, or selling its Enterprise File Sync and Share (EFSS) service products, including but not limited to its Cloud File Server and Storage Sync Products, and Defendant will continue to do so unless enjoined by this Court.

16.     As a direct and proximate result of Defendant's direct infringement of the '696 patent, Synchronoss is suffering damages and irreparable injury for which it has no adequate remedy at law.

## COUNT III — INFRINGEMENT OF THE '446 PATENT

17.     Synchronoss restates and incorporates by reference paragraphs 1 through 16 as if fully stated herein.

18.     Defendant has infringed and is still infringing the '446 patent by making, using, offering for sale, or selling its Enterprise File Sync and Share (EFSS) service products, including but not limited to its Cloud File Server and Storage Sync Products, and

Defendant will continue to do so unless enjoined by this Court.

19. As a direct and proximate result of Defendant's direct infringement of the '446 Patent, Synchronoss is suffering damages and irreparable injury for which it has no adequate remedy at law.

## JURY DEMAND

20. Plaintiff hereby demands a jury trial on all issues triable to the jury.

**WHEREFORE,** Plaintiff demands:

(a) judgment that Defendant has infringed each of the asserted patents;

(b) permanent injunctive relief prohibiting further infringement of the asserted patents;

(c) damages for Defendant's infringements;

(d) prejudgment interest on the damages;

(e) costs for this lawsuit; and

(f) any other relief that the Court may deem just and proper.

Dated: January 26, 2015

*s/ Andrew M. Grodin*
Joel N. Bock
joel.bock@dentons.com
Andrew M. Grodin
andrew.grodin@dentons.com
Dentons US LLP
101 JFK Parkway
Short Hills, NJ 07078-2708
Telephone: (973) 912-7100

Mark L. Hogge (*pro hac vice* pending)
mark.hogge@dentons.com
Shailendra Maheshwari
shailendra.maheshwari@dentons.com

Nicholas H. Jackson (*pro hac vice* pending)
nicholas.jackson@dentons.com
Dentons US LLP
1301 K. Street, NW
Washington, D.C. 20005
Telephone: (202) 408-6400

Anne K. W. Sutton (*pro hac vice* pending)
anne.sutton@dentons.com
Dentons US LLP
233 South Wacker Drive
Suite 7800
Chicago, IL 60606
Telephone: (312) 876-8000

*Attorneys for Plaintiff Synchronoss Technologies, Inc.*

83719605