**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SYNCHRONOSS TECHNOLOGIES, INC., | : | CIVIL ACTION NO. 15-534 (MLC) |
| | : | |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| | : | |
| v. | : | |
| | : | |
| EGNYTE, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

     **THE DEFENDANT** moves pursuant to 28 U.S.C. § ("Section") 1404(a) to transfer this action to the United States District Court for the Northern District of California ("Northern District of California").  This Court will address the motion upon review of all of the papers filed in relation thereto, and without oral argument.  (See dkt. 16 (defendant's motion and supporting papers); dkt. 19 (plaintiff's opposition); dkt. 21 (defendant's reply); dkt. 22 (plaintiff's sur-reply).)  See L.Civ.R. 78.1(b).  For the following reasons, this Court will (1) grant the motion, and (2) transfer this action to the Northern District of California.

     **THIS COURT** writes primarily for the benefit of the parties, and presumes their familiarity with (1) the factual context and procedural history of this action, and (2) the well-settled factors concerning the propriety of a transfer pursuant to Section 1404(a).  See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879–80 (3d Cir. 1995); see also In re Amendt, 169 Fed.Appx. 93, 96 (3d Cir. 2006) (summarizing Jumara factors).

**THE PLAINTIFF**: **(1)** is in the business of enabling clients "to back-up, restore, share, and synchronize data in multiple devices in multiple locations of wide area network systems"; **(2)** owns **(a)** United States Patent No. ("No.") 6,671,757, entitled "Data Transfer and Synchronization System", **(b)** No. 6,757,696, entitled "Management Server for Synchronization System", and **(c)** No. 7,587,446, entitled "Acquisition And Synchronization Of Digital Media To A Personal Information Space" (collectively, "Patents In Issue"); and **(3)** asserts that the defendant is infringing the Patents In Issue "by making, using, offering for sale, or selling its . . . products".  (Dkt. 1 at 3–4; dkt. 19 at 8–9.)  See 28 U.S.C. § 1338(a); 35 U.S.C. § 271.  The plaintiff is a Delaware corporation with its principal place of business in New Jersey.  (Dkt. 1 at 2.)  The defendant is a Delaware corporation with its principal place of business in Mountain View, Santa Clara County, California.  (Id.)

**THE PLAINTIFF'S** New Jersey principal place of business does not outweigh the factors that make a California venue more appropriate.  See Hoffer v. InfoSpace.com, Inc., 102 F.Supp.2d 556, 573 (D.N.J. 2000) (stating plaintiff's venue choice "is simply a preference; it is not a right"); Nat'l Prop. Inv'rs VIII v. Shell Oil Co., 917 F.Supp. 324, 327 (D.N.J. 1995) (stating plaintiff's venue choice is not "decisive").

**THE DEFENDANT'S** principal place of business is in — and the bulk of the defendant's engineering, development, product design, marketing, and sales activities originate from — Mountain View, California.  Thus, the center of gravity of the alleged infringing activity and the alleged conduct underlying this action is in the area served by

2

the Northern District of California, i.e., Mountain View.  (See dkt. 16-1 at 5–6 (stating defendant "is headquartered in Mountain View, California . . .  where all of its employees knowledgeable about the issues relevant to this case reside and work, and where all of its documents and source code relevant to this matter are certain to be located"); dkt. 16-2 at 2 (stating in sworn declaration that "Egnyte's officers, directors, and employees most knowledgeable about the accused product and the marketing, sales and finances of the accused product reside and work in or near Mountain View, California", and "design, engineering, and development of the accused product occurred primarily in Mountain View, California").)  Furthermore, the defendant is deemed to "reside" in the Northern District of California.  See 28 U.S.C. § 1400 (stating civil action for patent infringement may be brought in judicial district where defendant "resides").  A California venue would be far more convenient for the defendant and its potential witnesses.

**THE NORTHERN DISTRICT OF CALIFORNIA** would also appear to be a more-convenient venue for the plaintiff's witnesses.  Of the six inventors listed on the Patents In Issue ("Patent Inventors"), four are domiciled in the area served by the Northern District of California, and a fifth Patent Inventor is domiciled in another part of California.  (See dkt. 16-1 at 5 & 8–9; dkt. 19 at 11; dkt. 19-4 at 2–3.)[1]

---

[1]  The defendant clearly asserts the aforementioned domiciles of the Patent Inventors. (See dkt. 16-1 at 8.)  The plaintiff appears to argue in an obfuscatory manner that perhaps three of the Patent Inventors live in California.  (See generally dkt. 19; dkt. 19-4.)  This Court credits the defendant's assertion here.

3

**ONLY TWO** Patent Inventors appear to be currently employed by the plaintiff. (See dkt. 16-1 at 8; dkt. 19-3 at 4; dkt. 19-4 at 3; see also dkt. 19 at 11 (stating "[t]wo of the named inventors on the Patents . . . are current Synchronoss employees").) The plaintiff has failed to submit sworn statements from any of the Patent Inventors — particularly the California domiciliaries who are not currently employed by the plaintiff, and thus who are nonparty witnesses — unequivocally stating that they would willingly appear for proceedings in New Jersey.[2]  The testimony of the Patent Inventors may certainly be necessary in this action, and judicial efficiency would be best served if the proceedings were conducted in the venue where most of them live, i.e., California.

**IN ADDITION** to the Patent Inventors who are no longer employed by the plaintiff, the attorneys who prosecuted the Patents In Issue before the United States Patent and Trademark Office ("USPTO") are based in California.  (See dkt. 16-1 at 7–8; dkt. 19 at 11.)  Thus, it would again appear to be more convenient and efficient for the potential nonparty witnesses if the proceedings were to be conducted in a California venue.

**THE PLAINTIFF** is also financially capable of — and thus will not be prejudiced by — engaging in litigation in the Northern District of California.  (See dkt. 19 at 9 (plaintiff asserting that (1) it owns "over one hundred issued patents and filed patent applications worldwide", (2) it "provides a comprehensive technology platform", and (3) "[i]ts technology is widely used by the largest service and cable providers, including

---

[2]  The declaration provided by a Patent Inventor who is currently employed by the plaintiff contains no assertion concerning his preferred venue.  (See generally dkt. 19-4.)

AT&T Inc., Verizon Wireless, Vodafone, Cablevision, Comcast, Time Warner Cable, Apple, Microsoft, and Samsung . . . to service over three billion consumer and business subscribers").)  Furthermore, the plaintiff has an office in the area served by the Northern District of California, i.e., San Jose, California, and thus personal jurisdiction may be obtained over the plaintiff in the Northern District of California.  (See dkt. 19 at 11.)  See http://www.synchronoss.com/company/offices.  Indeed, at least one Patent Inventor works from the San Jose office.  (See dkt. 19-4 at 3.)

THE PLAINTIFF'S arguments concerning certain separate motions to transfer venue that are pending in two related actions before this Court will soon be moot.  (See dkt. 19 at 11–12 & 29–30.)  This Court intends to grant the motion to transfer that is pending in the first related action, i.e., Synchronoss Technologies, Inc. v. Dropbox, Inc., No. 15-2192.  This Court also intends to terminate the motion to transfer that is pending in the second related action without prejudice due to the "pending completion of earnest settlement negotiations to resolve all claims and counterclaims" therein.  See Synchronoss Technologies, Inc. v. Funambol, Inc., No. 14-6017, dkt. 28 at 2.  This Court notes that there is a third action pending before this Court, but it concerns (1) only two of the three Patents In Issue, and (2) No. 7,643,824, entitled "Wireless Telephone Data Backup System", which is not in issue in this action.  See Synchronoss Technologies, Inc. v. Hyperlync Technologies, Inc., No. 15-2845, dkt. 1.

A REVIEW of the docket of the Northern District of California and the docket of the District of New Jersey also reveals that this action will not be resolved more

efficiently by remaining in the District of New Jersey.  See IT Network Solutions v. Kaseya U.S. Sales, No. 14-3455, 2015 WL 733710, at *6 (D.N.J. Feb. 20, 2015) (stating "both the Northern District of California and the District of New Jersey are busy districts and evidence relating to their relative rates of congestion are mixed", and "thus, this factor is . . . neutral"); see also http://www.uscourts.gov/statistics-reports.

 **FOR GOOD CAUSE APPEARING**, this Court will issue an appropriate order (1) granting the motion, and (2) transferring this action to the Northern District of California.[3]

 s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

**Dated:** December 30, 2015

---

 [3]  The plaintiff also argues that (1) there is another action ("Separate Action") assigned to another Judge in this District, (2) the Separate Action should be deemed to be pending because it is merely administratively stayed due to related USPTO proceedings, and (3) the claims here should proceed in the same district court as the Separate Action for the sake of efficiency.  (See dkt. 19 at 12 (referring to Synchronoss Technologies, Inc. v. Asurion Mobile Applications, Inc., No. 11-5811).)  The argument is without merit because (1) the Separate Action concerns only two of the three Patents In Issue, and (2) the plaintiff waived the argument by failing to list the Separate Action on the civil cover sheet or in the complaint here.  (See dkt. 1-4 at 2 (certifying pursuant to Local Civil Rule 11.2 "that the matter in controversy is not the subject of any other action pending in any court, or any pending arbitration or administrative proceeding"); dkt. 1-5 at 1 (not listing No. 11-5811 in Section VIII of civil cover sheet, entitled "Related Case(s) If Any").)